
FILED

JAN 18 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES COURT OF FEDERAL CLAIMS, *et al.*,<br><br>Defendants. | ) | Civil Action No. 18-2696 (UNA) |

**MEMORANDUM OPINION**

The plaintiff's claims purportedly arose "in case 1:18:cv-1030-RHH, Document 8, filed 10/25/, Page 1 0f 1, Nos. 18-1030C and 18-1027C (consolidated), Edward Thomas Kennedy versus United States, titled 'Judgement[,]'" Compl. ¶ 3, in the United States Court of Federal Claims. The judgment to which the plaintiff refers dismissed the plaintiff's case for lack of subject matter jurisdiction and for failure to state a claim. *See Kennedy v. United States*, Nos. 18-1010 C and 18-1027 C (Ct. Fed. Claims Oct. 25, 2018). The plaintiff brought this action against Chief Judge Coster Williams, Judges Hodges, Sweeney and Wheeler, and the Clerk of the Court of Federal Claims. *See* Compl. ¶¶ 3, 5-6. He also brought this action against the United States Department of Justice and the attorneys ("Justice Department Defendants") who represented the United States in that matter. *See id.* ¶¶ 5-6. For harms allegedly caused by these defendants, the plaintiff demands compensatory damages, *see id.* ¶¶ 13-14, among other relief.

The judges enjoy absolute immunity from liability for damages for acts taken in their judicial capacities. *See Mirales v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978). Without question, a judge's dismissal of a civil action is an action taken in his

judicial capacity. *See Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014), *aff'd,* No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015). Absent any showing by the plaintiff that these judges' "actions are taken in the complete absence of all jurisdiction," *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citation omitted), they are "immune from damage suits for performance of tasks that are an integral part of the judicial process," *id*. at 1461 (citations omitted).

This "judicial immunity 'extends to other officers of government whose duties are related to the judicial process.'" *Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) (quoting *Barr v. Matteo*, 360 U.S. 564 569 (1959)). Accordingly, the plaintiff's claims against the Clerk of Court fails. "Clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Sindram*, 986 F.2d at 1460. "The clerk or deputy clerk's receipt and processing of a litigant's filings are part and parcel of the process of adjudicating cases," *Sibley v. U.S. Supreme Court*, 786 F. Supp. 2d 338, 344 (D.D.C. 2011), and claims against such employees properly are dismissed, *see Young v. Levitan*, No. 1:18-CV-02045, 2018 WL 5817356, at *1 (D.D.C. Nov. 5, 2018).

Insofar as the plaintiff asserts tort claims against the United States and the Justice Department Defendants, he must proceed under the Federal Tort Claims Act ("FTCA"), which waives the federal government's sovereign immunity, *see United States v. Muniz*, 374 U.S. 150, 158 (1963), and renders "[t]he United States . . . liable . . . relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. There are limitations under the FTCA, however, which militate dismissal of the plaintiff's complaint. "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and the plaintiff's apparent "fail[ure] to heed that

clear statutory command" warrants dismissal of any tort claim he is attempting to bring against the Justice Department Defendants. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see Henderson v. Ratner*, No. 10-5035, 2010 WL 2574175, at *1 (D.C. Cir. June 7, 2010) (per curiam); *Hammond v. Fed. Bureau of Prisons*, 740 F. Supp. 2d 105, 111 (D.D.C. 2010). Moreover, the complaint as currently drafted does not comply with Federal Rules of Civil Procedure 8 and 12(b)(6).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

DATE: January 5, 2019

Randolph D. Moss
United States District Judge